FILED

OCT 23 2003

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
           DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BOB McKISSACK and | § | |
| MELINDA McKISSACK | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | SA-02-CA-0043-RF |
| WAL-MART STORES, INC. | § | |
| Defendant | § | |

## JUDGMENT

On September 15, 2003, the Court called this case to trial. Plaintiffs Bob McKissack and Melinda McKissack appeared in person and through their attorney and announced ready for trial. Defendant, Wal-Mart Stores, Inc. appeared by corporate representative and through its attorney and announced ready for trial.

After each party announced ready for trial, the Court impaneled and swore the jury. The jury thereafter heard the evidence and arguments of Counsel. On Monday, September 29, 2003, the Court submitted Questions, Definitions and Instructions to the jury. In response, the jury made findings that the Court received, filed, and entered of record. The questions submitted to the jury and the jury's answers are incorporated herein by reference as though fully set forth herein.

Prior to the submission of the case to the jury, the parties entered into a stipulation in open Court, on the record, regarding the discount rate to be applied to any award of damages for loss of earning capacity in the future. A discount rate of 2.9% was stipulated.

In response to Question No. 1, the jury found that the negligence of Defendant, Wal-Mart Stores, Inc. proximately caused the occurrence in question.



In response to Question No. 1, the jury found that the negligence of Plaintiff, Bob McKissack also proximately caused the occurrence in question.

In response to Question No. 2, the jury found that 78% of the negligence that caused the occurrence was attributable to Defendant Wal-Mart Stores, Inc. and that 22% of the negligence that caused the occurrence was attributable to Plaintiff, Bob McKissack.

The Court renders Judgment for Plaintiffs as follows:

1. That Bob McKissack recover from Defendant, Wal-Mart Stores, Inc. the sum of $62,400.00 for physical pain and mental anguish suffered by Bob McKissack in the past;

2. That Bob McKissack recover from Defendant, Wal-Mart Stores, Inc. the sum of $78,000.00 for physical pain and mental anguish that, in reasonable probability, will be sustained in the future;

3. That Bob McKissack recover from Defendant, Wal-Mart Stores, Inc. the sum of $16,770.00 for disfigurement sustained in the past;

4. That Bob McKissack recover from Defendant, Wal-Mart Stores, Inc., the sum of $16,770.00 for disfigurement that, in reasonable probability, will be sustained in the future;

5. That Bob McKissack recover from Defendant, Wal-Mart Stores, Inc., the sum of $253,500.00 for physical impairment sustained in the past;

6. That Bob McKissack recover from Defendant Wal-Mart Stores, Inc., the sum of $457,080.00 for physical impairment that, in reasonable probability, will be sustained in the future;

7. That Bob McKissack recover from Defendant, Wal-Mart Stores, Inc., the sum of $774,042.36 for loss of earning capacity that, in reasonable probability, will be sustained in the future;

8. That Bob McKissack recover from Defendant, Wal-Mart Stores, Inc., the sum of $53,820.00 for medical care sustained in the past;

9. That Bob McKissack recover from Defendant Wal-Mart Stores, Inc., the sum of $2,340.00 for medical care that, in reasonable probability, will be sustained in the future;

10. That Melinda McKissack recover from Defendant Wal-Mart Stores, Inc., the sum of $3,042.00 for loss of household services sustained in the past;

11. That Melinda McKissack recover from Defendant Wal-Mart Stores, Inc., the sum of $2,106.00 for loss of household services that, in reasonable probability, will be sustained in the future.

12. That Melinda McKissack recover from Defendant Wal-Mart Stores, Inc. the sum of $2,886.00 for loss of consortium sustained in the past;

13. That Melinda McKissack recover from Defendant Wal-Mart Stores, Inc. the sum of $4,290.00 for loss of consortium that, in reasonable probability, will be sustained in the future.

14. The Court further finds that Plaintiffs have submitted to the Court a Bill of Costs, in compliance with 28 U.S.C. § 1920, and that Plaintiffs are entitled to recover from Defendant, $4,811.08 in taxable costs.

15. The Court finds that Plaintiffs shall recover prejudgment interest from Defendant Wal-Mart Stores, Inc., on the sum of $392,418.00 from November 28, 2000, until the date preceding the date this Judgment is signed, at the annual rate of five percent (5.0%) simple interest;

16. The Court finds that post-judgment interest shall accrue on the entire amount of the judgment at the annual rate of 1.29 percent (1.29 %); and

17. The Court orders execution to issue for this Judgment.

SIGNED this 23rd day of October, 2003.

Royal Ferguson
United States District Judge

APPROVED AS TO FORM ONLY:

SHELTON & VALADEZ, P.C.
600 Navarro St., Suite 500
San Antonio, Texas 78205
Telephone: (210) 349-0515
Telefax: (210) 349-3666

By: _____
    ROBERT J. PEREZ
    State Bar No. 15779020

Attorneys For Defendant

APPROVED:

LAW OFFICES OF
MALONEY & MALONEY, P.C.
2000 Milam Building
115 E. Travis
San Antonio, Texas 78205
Telephone: (210) 227-7000
Telefax: (210) 275-4476

By: _____
    RICHARD F. NEVILLE, III
    State Bar No. 14934900

Attorneys For Plaintiffs